# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JOSEF FRIWAT,<br><br>　　　　　　　　　　Debtor<br>―――――――――――――――<br>DAN JENKS,<br><br>　　　　　　　　　　Appellant,<br><br>　vs.<br><br>UNITED FAMILY, LLC; BP WEST COAST PRODUCTS LLP,<br><br>　　　　　　　　　　Appellees. | Civil No. 11-CV-1631-H (RBB)<br><br>Bankruptcy No. 08-6940-LT7<br>Adv. Proceeding No. 11-90142-LT<br><br>**ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY JUDGE** |

On July 23, 2011, plaintiff and appellant Dan Jenks ("Jenks")filed an appeal from the July 13, 2011 order of the bankruptcy judge granting defendant BP West Coast Products LLC's ("BP") motion for judgment on the pleadings, granting defendant United Family LLC's ("United") motion to dismiss the complaint, and dismissing plaintiff's complaint with prejudice as to all defendants. (Doc. No. 1.) On September 8, 2011, the Court issued a scheduling order in this case. (Doc. No. 5.) On September 23, 2011, the Court granted the parties' joint motion for a continuance, and set the hearing on the appeal for November 7, 2011, at 10:30 a.m. On October 6, 2011, Jenks filed his opening brief. (Doc. No. 11.) On

1  October 19, 2011, BP filed its responsive brief. (Doc. No. 13.) On October 14, 2011, United
2  filed its responsive brief. (Doc. No. 14.) On October 27, 2011, Jenks filed his reply brief.
3  (Doc. No. 15.) The Court, pursuant to its discretion under the Local Civil Rule 7.1(d)(1),
4  determines this matter to be appropriate for resolution without oral argument, submits it on the
5  parties' papers, and vacates the hearing set for November 7, 2011. For the following reasons,
6  the Court affirms the order of the bankruptcy judge.

## Statement of the Facts

Plaintiff and appellant Dan Jenks ("Jenks") is the assignee of a judgment creditor of Joseph Friwat, the debtor in this bankruptcy case. Jenks challenges the order in which the United States Bankruptcy Court approved the sale of commercial real property owned by the debtor pursuant to 11 U.S.C. § 363(f)(4). Jenks' assignor, Joseph Fielding, obtained a money judgment in the amount of $1,329,000 against the debtor, which was reduced to an abstract of judgment in July of 2008. (Doc. No. 2, Appeal Record ("AR"), part 1 at 106.) Josef Friwat filed a chapter 7 petition in the San Diego bankruptcy court on July 27, 2008. In re Josef Friwat, Case No. 08-06940-LT. (AR, part. 2 at 58.) On his bankruptcy schedules, Friwat listed real property located at 3401 Long Beach Boulevard, Long Beach, California 90807. (Id. at 58, 60.) On June 16, 2009, the bankruptcy court issued an order authorizing a sale of estate property free and clear of all liens under 11 U.S.C. § 363. (AR, part 1 at 74-78.) That order was not appealed. The property was sold to United Family, LLC as a bona-fide purchaser. (AR, part 1 at 61.)

On November 8, 2010, Jenks filed a complaint in Los Angeles Superior Court to quiet title to commercial real estate property located in Long Beach. (AR, part 1 at 2.) On December 3, 2010, United Family, LLC removed the case to the United States Bankruptcy Court for the Central District of California. (Id. at 70.) On March 9, 2011, the case was transferred to the United States Bankruptcy Court for the Southern District of California. (AR, part 2 at 107.) Jenks filed a notice of appeal of the decision transferring the case to the Southern District on March 15, 2011 to the Bankruptcy Appellate Panel ("BAP"). (AR, part. 2 at 113-16.) The BAP dismissed the appeal, noting that the order to transfer was

1  interlocutory. (AR, part 2 at 140-43.) On June 23, 2011, the San Diego bankruptcy court held
2  a hearing on BP's motion for judgment on the pleadings, and United's motion to dismiss. Prior
3  to the hearing, the bankruptcy judge issued a tentative ruling granting the motions. (AR, part
4  1 at 168-170.) On June 13, 2011, the bankruptcy court entered its order. (AR, part 2 at 158-
5  59.) The court concluded that it had subject matter jurisdiction to rule on the motions and
6  granted both motions. (Id.)

### Standard of Review

A district court reviews a bankruptcy judge's decision applying the same standard of review used by circuit courts reviewing district court decisions. See Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997). The bankruptcy judge's findings of fact are reviewed for clear error and its conclusions of law are subject to de novo review. In re Schmitz, 270 F.3d 1254, 1256 (9th Cir. 2001). Mixed questions of law and fact arise when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997). Issues of statutory interpretation are questions of law subject to de novo review. Id.

### Discussion

Jenks' appeal challenges the bankruptcy court's March 9, 2009 order authorizing the sale of commercial real property. Jenks argues that the bankruptcy court did not have jurisdiction to issue the sale order, because the real property did not belong to the debtor at the time of the bankruptcy, and thus it was never property of the estate. (Doc. No. 11 at 15.) Jenks contends that because Friwat transferred legal title to the property to JF Oil on October 12, 2007, JF Oil held legal title to the property on July 27, 2008, when Friwat filed his chapter 7 bankruptcy. (Id.)

Bankruptcy courts have subject matter jurisdiction to determine what is property of the estate. 11 U.S.C. § 105(a). The property of the estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005), citing 11 U.S.C . § 541(a)(1) and United States v. Whiting Pools, Inc., 462 US 198, 205 n.9 (1983). A party wishing to challenge a bankruptcy court's

1 order authorizing sale of estate property to a good faith purchaser must obtain a stay pending
2 appeal, or the appeal becomes moot once the sale is completed. 11 U.S.C. § 363(m). Failure
3 to seek a stay bars an appeal from the sale. <u>In re Combined Metals Reduction Co.</u>, 557 F.2d
4 179, 187-90 (9th Cir. 1977).

5       Here, the debtor, Josef Friwat, was the sole owner of JF Oil, and the grant deed
6 indicated that Friwat and JF Oil were comprised of the same party and continued to hold the
7 same interest notwithstanding the transfer. (AR, part 1 at 20, Grant Deed.) The bankruptcy
8 court determined that the debtor retained equitable title to the property even after he transferred
9 the legal title to the property to JF Oil Company. (<u>See</u> Judge Taylor's Tentative Ruling on
10 BP's motion for judgment on the pleadings, AR, part 1 at 168-170.) The bankruptcy court
11 took judicial notice of the following facts:

12 (1)   Friwat listed the property on his Schedule A and in his statement of intention indicated
13      an initial desire to pay two creditors holding consensual liens secured by the property;
14 (2)   Jenk's predecessor in interest, Fielding, requested avoidance of any pre-petition transfer
15      of the property, and Friwat through acquiescence in the schedules, statement on the
16      record, and action acknowledged that the Friwat retained equitable title to the property
17      notwithstanding Friwat's pre-petition transfer to his wholly owned corporation;
18 (3)   Fielding was actively involved in the sale approval process, withdrew any opposition
19      to the sale, never raised the ownership issue as a bar to sale, and received proceeds from
20      the sale; and
21 (4)   Fielding neither filed an appeal nor requested a stay in connection with the order
22      approving the sale.[1]
23 (<u>See</u> <u>id.</u>)

24       On appeal, the Court concludes that the bankruptcy judge's findings of fact are not
25 clearly erroneous. <u>In re Schmitz</u>, 270 F.3d 1254, 1256 (9th Cir. 2001). The Court applies a
26 de novo standard of review to the bankruptcy judge's conclusions of law. <u>Id.</u> After

---

[1] The bankruptcy judge also noted that Jenks' current attorney also acted as non-bankruptcy counsel for Fielding.

considering the record on appeal and the parties' arguments, the Court concludes that the bankruptcy court had subject matter jurisdiction to issue its June 16, 2009 order authorizing a sale of the Long Beach property. Accordingly, the Court AFFIRMS the order of the bankruptcy judge granting United and BP's motions and dismissing the complaint with prejudice.

### Conclusion

For the reasons above, the Court AFFIRMS the order of the bankruptcy judge granting defendant BP West Coast Products LLC's motion for judgment on the pleadings, granting defendant United Family LLC's motion to dismiss the complaint, and dismissing plaintiff's complaint with prejudice as to all defendants.

**IT IS SO ORDERED.**

DATED: November 1, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT